IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **STARCHEM LLC,** | ) |
| | ) |
|         **Plaintiff,** | ) |
| | ) |
|         v. | )    CIVIL ACTION NO. 5:23-CV-427 (MTT) |
| | ) |
| **STARCHEM USA,** | ) |
| | ) |
|         **Defendants.** | ) |
| | ) |

**ORDER**

StarChem, LLC ("StarChem") filed this trademark infringement action against Starchem, USA ("SUSA"), alleging that SUSA infringed on StarChem's registered trademarks. Doc. 4. A third party, Starchem Enterprise Limited ("SEL"), claims that it owns the marks at issue and that SUSA used the marks pursuant to a licensing agreement with SEL. Docs. 41-1; 41-4. SEL now moves to intervene to protect its alleged interest in the marks. Doc. 41. For the reasons that follow, SEL's motion to intervene is **GRANTED**.

**I. BACKGROUND**

StarChem and SUSA are both chemical suppliers, and they have marketed their products using the marks. Docs. 43 at 1; 41-1 at 1-2. StarChem alleges that SUSA's use of the marks infringes on its trademark, which StarChem claims it registered in 2013. Doc. 43 at 1-2. SEL claims that SUSA used the marks pursuant to a licensing agreement with SEL.[1] Doc. 41-1 at 2; Doc. 41-4. SEL has allegedly used the marks

---

[1] Originally, SUSA claimed that it was a wholly owned subsidiary of SEL. Doc. 17. Thus, SUSA brought a trademark infringement counterclaim against StarChem, alleging it was a senior user of the trademark.

since the early 2000s and, thus, has a common law trademark that predates StarChem's registration of the marks.  Doc. 41-1.

The relevant events began in November 2022, when StarChem claims it discovered SUSA's use of the marks.  Doc. 43 at 2.  StarChem sent SUSA a cease and desist letter on April 11, 2023.  *Id.*  StarChem alleges that after it sent the cease and desist letter SUSA continued to infringe on its trademark.  *Id.*  On October 26, 2023, StarChem filed suit against SUSA.  Doc. 1.  StarChem then engaged in settlement negotiations with SUSA, although the timeline of those negotiations is unclear.  Doc. 43 at 3; Doc. 41-1 at 3.  On January 16, 2024, StarChem served SUSA with its complaint.  *Id.*  SUSA answered the complaint on March 7, 2024.  Doc. 17.  Discovery began in April of 2024.  Doc. 23. On October 7, 2024, two days before SEL's motion to intervene became ripe, the Court granted StarChem's motion to extend discovery.  Docs. 44; 45.  Currently, discovery will close on May 10, 2025.  Doc. 45.

SEL first moved to intervene on August 7, 2024.  Doc. 33-1.  The motion became ripe for review on October 9, 2024.  Docs. 36; 40.  SEL argues that it should be permitted to intervene as of right because its motion was timely, it has an interest relating to the marks, disposition of the action would impair its ability to protect its interest in the marks, and its interest is not adequately represented by SUSA.  Doc. 41-1.  In the alternative, SEL argues that the Court in its discretion should grant permissive intervention because its claims share common questions of law and fact with StarChem's claims, and intervention will not cause undue delay or prejudice to the existing parties.  Doc. 41-1 at 7.  StarChem argues that SEL should not be permitted to

---

*Id.*  In a subsequent letter to the Court regarding a discovery dispute, SUSA stated that it is actually a licensee of SEL.  However, SUSA has not amended its counterclaim to clarify its relationship to SEL.

-2-

intervene because SEL has not shown that any of the requirements of Rule 24(a) are met, and because StarChem would be prejudiced by intervention. Doc. 43. The Court concludes that SEL is entitled to intervene.

## II.  DISCUSSION

Rule 24(a) of the Federal Rules of Civil Procedure provides for intervention as of right, and Rule 24(b) provides for permissive intervention in the Court's discretion. To intervene as of right, a movant must satisfy four requirements: "(1) his application to intervene is timely; (2) he has an interest relating to the property or transaction which is the subject of the action; (3) he is so situated that disposition of the action, as a practical matter, may impede or impair his ability to protect that interest; and (4) his interest is represented inadequately by the existing parties to the suit." *Purcell v. Bank Atlantic Fin. Corp.*, 85 F.3d 1508, 1512 (11th Cir. 1996). "When the party seeking intervention has the same ultimate objective as a party to the suit, a presumption arises that its interests are adequately represented, against which the petitioner must demonstrate adversity of interest, collusion, or nonfeasance." *Int'l Tank Terminals, Ltd. v. M/V Acadia Forest*, 579 F.2d 964, 967 (5th Cir. 1978).[2]

Rule 24(b) provides for permissive intervention if the motion is timely and the intervening party "has a claim or defense that shares with the main action a common question of law or fact." "If there is no right to intervene under Rule 24(a), it is wholly discretionary with the court whether to allow intervention under Rule 24(b)." *Purcell*, 85 F.3d at 1513 (citation omitted). Courts ask two questions when considering whether to allow permissive intervention. First, whether "the applicant's claim or defense and the

---

[2] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

main action have a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B); *Stallworth v. Monsanto Co.*, 558 F.2d 257, 269 (5th Cir. 1977). Second, whether intervention should be allowed in light of potential undue delay or prejudice to the existing parties. Fed. R. Civ. P. 24(b)(3); *Stallworth*, 558 F.2d at 269.

**A. Intervention as of Right**

SEL argues that it is entitled to intervention as of right because it has met the four requirements of Rule 24(a). Doc. 41-1 at 3. StarChem argues that SEL is not entitled to intervention as of right because 1) SEL's claim is untimely, 2) SEL has not shown it has a substantial legal interest in the property, 3) SEL offers "questionable evidence of impairment," and 4) SEL's interests are inadequately represented by SUSA. Doc. 43.

1. *Timeliness*

StarChem claims that although SEL has known of the risk to its interests in this dispute since either May or October of 2023, it did not move to intervene until August 7, 2024. Doc. 43 at 6. The Court disagrees.

Courts consider four factors when addressing timeliness: 1) "the length of time during which the [intervenor] knew or reasonably should have known their interest in the case before intervening," 2) "the extent of prejudice to existing parties as a result of the…failure to move for intervention as soon as they knew or reasonably should have known of their interest," 3) "the extent of prejudice to the [intervenor] if the motion is denied," and 4) "the existence of unusual circumstances militating either for or against a determination that their motion was timely." *Chiles v. Thornburgh*, 865 F.2d 1197, 1213 (11th Cir. 1989). However, "timeliness is not a word of exactitude or of precisely

measurable dimension." *Id.* (quoting *McDonald v. E.J. Lavino Co.*, 430 F.2d 1065, 1074 (5th Cir. 1970)).  Rather, the timeliness requirement has "accommodating flexibility toward both the court and the litigants." *Id.*

First, the time between SEL's notice of its interests in the action and its motion to intervene was not unreasonably long.  StarChem argues that SEL should have reasonably known of its interests in this action in either May 2023, when StarChem sent the cease-and-desist letter to SUSA, or in October 2023, when StarChem filed suit.  Doc. 43 at 6.  StarChem argues that the nine to fifteen-month delay in filing renders SEL's motion untimely.  *Id.*  However, timeliness is not necessarily measured from the date that the parties knew of the pendency of an action or even from the date the action was filed.  *U.S. v. Jefferson Co.*, 720 F.2d 1511, 1516 (11th Cir., 1983).  Rather, timeliness is measured from when the party appreciates the potential adverse effect litigation may have on its interests.  *Id.*

Here, it is uncertain precisely when SEL should have appreciated the risk this action posed to its interests in the marks.  SEL claims that StarChem and SUSA were "engaged in settlement discussions" leading up to its motion to intervene, and it intervened "as soon as it determined that its interests were at risk."  Doc. 46 at 3.  While it would have been reasonable for SEL to wait until the doomed negotiations ended to move for intervention, it is unclear exactly when negotiations ended.  But even assuming that SEL should have known of the risk to its interests before negotiations ended, the timing of SEL's motion to intervene is still reasonable.  SEL first moved to intervene on August 7, 2024, seven months after StarChem served SUSA and about four months after discovery began.  Doc. 46 at 2.  This is not an unreasonably long

period, especially given that discovery does not end for six months. *See Chiles*, 865 F.2d at 1213 (holding that a motion to intervene filed seven months after the complaint was not untimely); *see also Diaz v. Southern Drilling Corp.*, 427 F.2d 1118, 1125-26 (5th Cir. 1970) (holding that a motion to intervene was not untimely even though it was filed one year after the complaint and discovery had already ended). Moreover, given the nature of these actions, the parties almost certainly will require another discovery extension regardless of whether SEL intervenes.

As to the second factor, the existing parties will not be *unfairly* prejudiced by SEL's intervention. StarChem argues that SEL injects "unnecessary delay… and…unnecessary foreign discovery" into the action. Doc. 43 at 10. Again, discovery has been extended until May 2025. *Id.* StarChem also argues that "SEL's late entry to the case seems calculated to prejudice and delay the ongoing discovery." *Id.* at 9. StarChem argues that SEL has already failed to cooperate in discovery and will continue to do so and cause delay if allowed to intervene. *Id.* at 10. First, the Court can deal with that.[3] At any rate, SEL is necessarily a factor in and a party to discovery, regardless of whether it intervenes.

Regarding the third factor, SEL would face unfair prejudice if not allowed to intervene. SEL claims it owns the marks and could lose future opportunities to claim its ownership if not allowed to intervene. Doc. 41-1 at 6-7.

Finally, there are no unusual militating factors that weigh against intervention. Accordingly, the Court concludes that intervention is timely.

---

[3] It is the Court's standard practice to convene a conference immediately when a discovery dispute arises.

### 2. *Interest relating to the property or transaction*

StarChem argues that SEL has not shown a substantial legal interest relating to this action. Doc. 41-1 at 10. The Eleventh Circuit requires that intervenors be "at least a real party in interest in the transaction which is subject to the proceedings." *Purcell*, 85 F.3d at 1512.

StarChem claims that SEL has not made its property interests "clear" because, as things now stand, both SEL and SUSA in its still pending counterclaim assert infringement claims. Doc. 43 at 10-12. StarChem's argument fails. First, SEL has "clearly" alleged full ownership of the marks. Doc. 41-4. SEL's claimed ownership of the marks is sufficient to show a "direct, substantial, legal, protectable interest." *Purcell*, 85 F.3d at 1512. Whether SUSA will continue to assert rights as an owner or licensee remains to be seen. In any event, StarChem does not provide any authority that requires the Court to deny intervention because multiple parties claim the same ownership interest in the subject matter of the litigation. Therefore, the requirement that SEL has an interest in the marks is met.

### 3. *Impaired ability to protect its property interest*

StarChem argues that SEL has not demonstrated impairment of its ability to protect its property interest. Doc. 43 at 12. The Court disagrees.

SEL argues that it could lose the ability to later defend against trademark infringement due to collateral estoppel. Doc. 41-1 at 6. The Eleventh Circuit has stated, "[w]here a party seeking to intervene in an action claims an interest in the very property and very transaction that is the subject of the main action, the potential stare decisis effect may supply that practical disadvantage which warrants intervention as of

right." *Chiles,* 865 F.2d at 1214 (11th Cir. 1989).  Here, a ruling against SUSA could prevent SEL from asserting its interests in the marks.  Thus, SEL has shown that its interests will be impaired if not allowed to intervene.

    *4.  Inadequate representation*

Finally, StarChem argues that SEL's interests are adequately represented by SUSA because the parties have the same objectives, which triggers a rebuttable presumption of adequate representation.  Doc. 43; *Int'l Tank Terminals, Ltd.*, 579 at 967.

The presumption of adequate representation applies if SEL "seeks the same objectives" as SUSA.  *Stone v. First Union Corp.*, 371 F.3d 1305, 1311 (11th Cir. 2004).  However, the Eleventh Circuit has characterized the presumption as a weak one, meaning that the party seeking to intervene need only "present some evidence to the contrary."  *Id.*  Here, SEL has presented some evidence that it does not have the same objectives as SUSA.  SUSA, as a licensee, seeks to protect its *use* of the marks whereas SEL, as the alleged owner, seeks to protect its *ownership* of the marks.  Docs. 41-4; 46 at 7-8; 17.  Additionally, SEL claims that it has used the marks for considerably longer than SUSA, which means that SEL may be better prepared to offer proof of its common law trademark in the marks.  *Id.*  Therefore, SEL has provided sufficient evidence that it is not adequately represented by SUSA.

Accordingly, SEL has met the requirements for intervention as of right under Rule 24(a).

**B. Permissive Intervention**

As an alternative to intervention as of right, SEL argues that the Court should grant permissive intervention under Rule 24(b). The Court agrees.

The Court has already determined that SEL's motion to intervene is timely, therefore it now considers the two-part inquiry under Rule 24(b). First, the Court must consider whether SEL and StarChem's claims share a common question of law or fact. They do. Because each party claims trademark infringement of the same marks, there are common questions of both law and fact. Docs. 4; 41-2

Second, Rule 24(b)(3) requires the Court, in the exercise of its discretion, to determine whether intervention will unduly delay and prejudice the resolution of the dispute between StarChem and SUSA. After balancing the interests, the Court concludes that SEL should be permitted to intervene into this action. Again, SEL claims that it owns the property that is the subject of this action and it could be precluded from asserting its ownership in the future if not permitted to intervene. Doc. 41-1 at 4-5. As discussed, the Court sees no reasonable likelihood that intervention will cause undue delay. The only apparent prejudice to StarChem is that, on the merits, it may lose. That is not *undue* prejudice.

Thus, the Court concludes that even if SEL were not entitled to intervene as of right, it would be allowed to intervene permissively under Rule 24(b).

## III. CONCLUSION

SEL is entitled to intervention as of right under Rule 24(a) and permissive intervention under Rule 24(b). Accordingly, SEL's amended motion to intervene (Doc. 41) is **GRANTED**.

**SO ORDERED**, this 2nd day of December, 2024.

S/ Marc T. Treadwell<br>
MARC T. TREADWELL, JUDGE<br>
UNITED STATES DISTRICT COURT